[No. 1931.]

### George Leonard *v.* The State.

1. Robbery — Continuance — Charge of the Court — Case Approved. — This case being the companion to *Bond* v. *The State, ante,* p. 421, the same questions upon the subjects of the continuance applied for, and the charge of the court upon the definition of robbery, were raised. See the opinion in Bond's case for the determination of the questions.

2. Practice. — Privilege of Argument was not abused by prosecuting counsel in this case by the declaration that "the defendant stood mute and said nothing when accused of this crime by the prosecuting witness in the presence of the officers of the law." Such fact was in evidence, and was a proper subject for comment.

Appeal from the District Court of Grayson. Tried below before the Hon. R. Maltbie.

This is the companion case to that of *Bond* v. *The State, ante,* page 421. As in that case, the conviction was for the robbery of R. H. Pierce, in Grayson county, Texas, on the 20th day of October, 1885. It was based upon the testimony of the same witnesses who testified in Bond's case, to substantially the same facts. The penalty assessed against the appellant was a term of ten years in the penitentiary.

*G. W. Pasco,* for the appellant.

*J. H. Burts,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE. This is a companion case to the case of *Burrell Bond* v. *The State,* just decided. In this as in that case at a former day of this term the judgment of the lower court was reversed and the cause remanded, for a supposed error in the charge of the court. One error in that respect is pointed out and discussed in Bond's case. For the reasons therein stated the motion for a rehearing in this case is granted.

Upon the merits of this case we find but two bills of exceptions in the record; one being to the overruling of the defendant's application for continuance for the absence of the witness Kissinger. This application in every material respect is a duplicate of the one in the Bond case, and for the same reasons as therein stated the ruling of the court upon it is sustained.

The second bill of exceptions complains that the county attorney in his closing argument to the jury stated that "this defendant stood mute and said nothing when accused of this crime by Pierce, the prosecuting witness, in the presence of the officers of the law." The county attorney, in so stating, was entirely within the record as we read it, and stated what was a fact in the case, and one which was as much and legitimately a subject for discussion, argument and inference as any other fact in the record. A prosecuting officer certainly has the right to discuss, use and comment upon the legitimate facts in evidence, and his duty requires him to do so when called to argue a case in behalf of the State.

There is no error in this record and the judgment is affirmed.

*Affirmed.*